UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
7. 16. 14
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:14-cr-40-J-20MCR

CHARLES FRANKLIN HUDSON, JR.

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, CHARLES FRANKLIN HUDSON, JR., and the attorney for the defendant, Roland Falcon, mutually agree as follows:

### A.  Particularized Terms

####  1.  Counts Pleading To

The defendant shall enter a plea of guilty to Counts Two and Four of the Indictment, each of which charge the defendant with production of child pornography, in violation of Title 18, United States Codes, Sections 2251(a) and 2251(e).

####  2.  Minimum and Maximum Penalties

Counts Two and Four of the Indictment are each punishable by a mandatory minimum term of imprisonment of not less than 15 years and not more than 30 years, a fine of $250,000, or both, a term of supervised release of any term of years not less than 5, or life, and a special assessment of $100, said

Defendant's Initials  CFH                              AF Approval  BA

special assessment to be due on the date of sentencing.  If the Court sentenced the defendant on each count consecutively, the aggregate minimum and maximum penalties would be a minimum mandatory term of imprisonment of not less than 30 years and not more than 60 years, fines totaling $500,000, or both, a term of supervised release of any term of years not less than 10 years, or life, and special assessments totaling $200.  Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life per count.  Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years per count.  With respect to these offenses and pursuant to Title 18, United States Code, Sections 2259, 3663A and 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

3. **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts Two and Four are:

Defendant's Initials _C F H_                    2

First: That an actual minor, that is, a real person who was less than 18 years old, was depicted;

Second: That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct; and

Third: That such visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

4. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

*4a - If the court accepts the plea agreement, the United States agrees to dismiss Counts One + Three of the indictment. DRM CFH*

5. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials  CFH          3

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea

Agreement, including but not limited to, the timely submission of the financial

affidavit referenced in Paragraph B.4., the United States agrees to file a motion

pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.

The defendant understands that the determination as to whether the defendant

has qualified for a downward adjustment of a third level for acceptance of

responsibility rests solely with the United States Attorney for the Middle District of

Florida, and the defendant agrees that the defendant cannot and will not

challenge that determination, whether by appeal, collateral attack, or otherwise.

    6.    **Forfeiture of Assets**

            The defendant agrees to forfeit to the United States immediately

and voluntarily any and all assets and property, or portions thereof, subject to

forfeiture, pursuant to Title 18, United States Code, Section 2253, whether in the

possession or control of the United States, the defendant or defendant's

nominees.  The assets to be forfeited specifically include, but are not limited to,

the following:

> a.    Hewlett Packard dv2500 laptop (with cord) bearing
>       SN: 2CE8242VG5, with a Seagate hard drive bearing
>       SN: 5YX1MJ72;
>
> b.    SD Cards:
>
>> 1.    PNY Optima SD HC memory card (SD) bearing
>>       SN: B10917014150G;
>>
>> 2.    PNY Optima SD HC memory card (SD) bearing
>>       SN: B10913914150G;

Defendant's Initials _CFH_                4

3.   Patriot Micro SD HC Classic memory card (micro SD with adapter) bearing SN: S0S0Q-00SG-1145;

4.   Kingston C16G Micro SD HC (micro SD with adapter) bearing SN: 1209W87515N;

5.   Patriot PSF 16GSDHC6-PC memory card (SD) bearing SN: S416G1041 TIGE101004002;

c.   Canon Powershot SX20 IS digital camera model PC1438 bearing SN: 0123111462;

d.   Canon Powershot SX150 IS digital camera model PC1677 bearing SN: 282060021239;

e.   Canon EOS Rebel T3i digital camera model DS126311 bearing SN: 252076091304;

f.   Dell Dimension 4600 Computer Tower bearing SN: 409QX51, with a Western Digital WD10EARS hard drive bearing SN: WMAV51184559;

g.   Dell Studio XPS 435mt computer system bearing SN: 766KLJ1, with a Western Digital WD20EARS hard drive bearing SN: WCAVY2388255, and a Seagate Barracuda 7200.11 hard drive bearing SN: 9V80VHQM;

h.   Seagate DiamondMax21 hard drive within a Maxtor enclosure bearing SN: 9QG1CC3R (HDD) and enclosure SN: 2CAH79FQ (Enc);

i.   Custom white Computer with Sabertooth P67 Motherboard bearing SN (on fan): EC5010M12BA, including hard drives contained therein,

which assets were used to produce, receive, and/or possess images and videos

depicting child pornography.

The defendant agrees and consents to the forfeiture of these assets

pursuant to any federal criminal, civil judicial or administrative forfeiture action.

The defendant also hereby agrees to waive all constitutional, statutory and

procedural challenges in any manner (including direct appeal, habeas corpus, or

Defendant's Initials _CFH_                5

any other means) to any forfeiture carried out in accordance with this Plea
Agreement on any grounds, including that the forfeiture described herein
constitutes an excessive fine, was not properly noticed in the charging
instrument, addressed by the Court at the time of the guilty plea, announced at
sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the
Factual Basis below provides a sufficient factual and statutory basis for the
forfeiture of the property sought by the government.  Pursuant to the provisions
of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly
after accepting this Plea Agreement, the Court make a determination that the
government has established the requisite nexus between the property subject to
forfeiture and the offense(s) to which defendant is pleading guilty and enter a
preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees
that the preliminary order of forfeiture will satisfy the notice requirement and will
be final as to the defendant at the time it is entered.  In the event the forfeiture is
omitted from the judgment, the defendant agrees that the forfeiture order may be
incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and
locate all property subject to forfeiture and to transfer custody of such property to
the United States before the defendant's sentencing.  The defendant agrees to
be interviewed by the government, prior to and after sentencing, regarding such
assets and their connection to criminal conduct.  The defendant further agrees to

Defendant's Initials _CFH_                6

be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute

Defendant's Initials _CFH_                    7

assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

7.    **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the

Defendant's Initials _CFH_                    8

defendant to prosecution for failure to register under federal law, 18 U.S.C.
§ 2250, which is punishable by a fine or imprisonment, or both.

      8.    **Removal - Notification**

      The defendant has been advised and understands that pleading
guilty may have consequences with respect to the defendant's immigration status
if the defendant is not a citizen of the United States. Under federal law, the
offense to which defendant is pleading guilty may be a removable offense.
Removal and other immigration consequences are the subject of a separate
proceeding, however, and the defendant understands that no one, including the
defendant's attorney or the district court, can predict to a certainty the effect of
the defendant's conviction on the defendant's immigration status. The defendant
nevertheless affirms that the defendant wants to plead guilty regardless of any
immigration consequences that may result from the defendant's guilty plea, even
if the consequence is the defendant's automatic removal from the United States
following completion of the defendant's sentence.

**B.**    **Standard Terms and Conditions**

      **1.**    **Restitution, Special Assessment and Fine**

      The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, shall order the defendant to make restitution to
any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to
make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663,

Defendant's Initials _CFH_         9

including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.
On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

### 2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from

Defendant's Initials _CFH_                    10

the United States, denied citizenship, and denied admission to the United States
in the future.

**4.    Sentencing Information**

The United States reserves its right and obligation to report to the
Court and the United States Probation Office all information concerning the
background, character, and conduct of the defendant, to provide relevant factual
information, including the totality of the defendant's criminal activities, if any, not
limited to the count(s) to which defendant pleads, to respond to comments made
by the defendant or defendant's counsel, and to correct any misstatements or
inaccuracies.  The United States further reserves its right to make any
recommendations it deems appropriate regarding the disposition of this case,
subject to any limitations set forth herein, if any.

**5.    Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.
32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States
Attorney's Office within 30 days of execution of this agreement an affidavit
reflecting the defendant's financial condition.  The defendant promises that his
financial statement and disclosures will be complete, accurate and truthful and
will include all assets in which he has any interest or over which the defendant
exercises control, directly or indirectly, including those held by a spouse,
dependent, nominee or other third party.  The defendant further agrees to
execute any documents requested by the United States needed to obtain from

Defendant's Initials  _CFH_              11

any third parties any records of assets owned by the defendant, directly or
through a nominee, and, by the execution of this Plea Agreement, consents to
the release of the defendant's tax returns for the previous five years. The
defendant similarly agrees and authorizes the United States Attorney's Office to
provide to, and obtain from, the United States Probation Office, the financial
affidavit, any of the defendant's federal, state, and local tax returns, bank records
and any other financial information concerning the defendant, for the purpose of
making any recommendations to the Court and for collecting any assessments,
fines, restitution, or forfeiture ordered by the Court. The defendant expressly
authorizes the United States Attorney's Office to obtain current credit reports in
order to evaluate the defendant's ability to satisfy any financial obligation
imposed by the Court.

### 6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor
bound by this agreement. The Court may accept or reject the agreement, or
defer a decision until it has had an opportunity to consider the presentence report
prepared by the United States Probation Office. The defendant understands and
acknowledges that, although the parties are permitted to make recommendations
and present arguments to the Court, the sentence will be determined solely by
the Court, with the assistance of the United States Probation Office. Defendant
further understands and acknowledges that any discussions between defendant
or defendant's attorney and the attorney or other agents for the government

Defendant's Initials _CFH_                12

regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

### 7.     Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _CFH_                    13

**8.     Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

**9.     Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

**10.     Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that

Defendant's Initials  _CFH_                     14

plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

### 11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials  _CFH_                    15

### 12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

### 13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___14___ day of July, 2014.

A. LEE BENTLEY, III
United States Attorney


CHARLES FRANKLIN HUDSON, JR.
Defendant

ROLAND FALCON
Attorney for Defendant

D. RODNEY BROWN
Assistant United States Attorney

MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials ___CFH___                16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:14-cr-40-J-20MCR

CHARLES FRANKLIN HUDSON, JR.

### PERSONALIZATION OF ELEMENTS

**As to Count Two**

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

2.     On or about May 29, 2011, at Jacksonville, in the Middle District of Florida, did you employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, that is, oral-genital sexual intercourse and lascivious exhibition of the minor's genitals, for the purpose of producing a visual depiction of such conduct, that is, a video titled "MVI_9084.MOV"?

3.     Do you admit that such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, that is, a PNY Optima 8GB SD media card that was manufactured in China?

**As to Count Four**

1.     Do you admit that an actual minor, that is, a real person who was less than 18 years old, was depicted?

Defendant's Initials  _CFH_

2.     On or about June 28, 2012, in the Middle District of Florida, did you employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, that is, masturbation and the lascivious exhibition of the minor's genitals, for the purpose of producing a visual depiction of such conduct, that is, a video titled "GO020058.MP4"?

3.     Do you admit that such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, that is, a Patriot 16GB SD media card that was manufactured in Taiwan?

Defendant's Initials _CFH_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:14-cr-40-J-20MCR

CHARLES FRANKLIN HUDSON, JR.

### FACTUAL BASIS

On January 6, 2014, an officer with the Jacksonville Sheriff's Office (JSO)
was dispatched to a residence in Jacksonville in response to a call regarding
allegations of sexual battery on a minor child by defendant, Charles Franklin
Hudson, Jr.  Upon arrival at the residence, the JSO officer was advised in
substance that the minor child had reported that Hudson had been molesting her
for several years.  The JSO officer was also advised, in substance and among
other things, that Hudson had bought the child several items of clothing, including
lingerie, bikinis, and provocative short clothing, for her to wear for posing for
explicit pictures.  Subsequently, JSO Sex Crimes Detective Larry Baker
interviewed the minor child, who reiterated the same history of sexual abuse by
Hudson, and gave detailed descriptions of lingerie and other clothing that
Hudson had provided her for use during sexual activity with him.

On January 8, 2014, Detective Baker obtained a search warrant for
Hudson's residence in Jacksonville.  Later that day, Hudson was arrested at
his place of employment and transported to the JSO Police Memorial Building

Defendant's Initials _CFH_

for an interview. This interview was recorded on audio and video. Detective Baker advised Hudson of his constitutional rights both orally and in writing, and Hudson waived his rights by executing the waiver and agreed to speak with Detective Baker. Hudson denied molesting the minor child, but admitted that he had installed a video camera with a live feed in the residence's only bathroom. At the conclusion of the interview, Hudson executed a written consent to search his residence and all vehicles on his property, and provided specific, handwritten instructions regarding the various keys in his residence and the locks and vehicles that they fit. Hudson also gave written consent to search his vehicle that was located at his place of employment.

On January 9, 2014, Detective Baker and other law enforcement officers conducted a search of Hudson's residence. During the search, officers discovered, among other things, numerous items of digital media, as well as numerous computers, cameras, SD cards, compact disks and DVDs. Additionally, they discovered a large gun safe with several dozen long guns and pistols as well as a substantial cache of ammunition. Located in the attic of the residence was a backpack containing several bikinis, pairs of panties, and lingerie. The backpack also contained cameras, sex devices and restraints, and several pill bottles bearing Hudson's name. In one of these pill bottles were found five SD media cards.

2

Defendant's Initials *CFH*

Subsequent forensic analysis of the five SD media cards revealed that they contained approximately 90 video and image files that depicted sexually explicit conduct involving Hudson, ~~and the minor child over a time period from July 2010 through June 2012~~. In one video produced by Hudson on May 29, 2011 and contained on a PNY Optima 8GB SD card (manufactured in China) titled "MVI_9084.MOV" (Count Two), Hudson depicted on a bed with the child. This video depicts, among other things, Hudson and the child engaged in sexually explicit conduct. In another video produced by Hudson on June 28, 2012 and contained on a Patriot 16GB SD card (made in Taiwan) titled "GO020058.MP4" (Count Four), Hudson is depicted on a bed with the child. The child is crying, and Hudson is seen binding the child's ankles and wrists with shackles. This video depicts, among other things, Hudson and the child engaged in sexually explicit conduct.

3

Defendant's Initials _CFH_