UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:14-cr-40-J-20MCR

CHARLES FRANKLIN HUDSON, JR.

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned Assistant United States Attorney files this sentencing memorandum in anticipation of defendant's sentencing hearing scheduled for February 25, 2015, and states as follows:

On July 16, 2014, defendant pleaded guilty to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a). For each of these two production counts, he faces a sentence of not less than 15 years and not more than 30 years in prison. The presentence investigative report (PSR) prepared by the Probation Office correctly shows that defendant's total offense level is driven by the base offense level 32 for production of child pornography (the offenses of conviction), the age of the victim child (+2 levels), the commission of sex acts with the victim child (+4 levels), his status in relationship to the victim child (+2 levels), and the physical restraint of the victim child (+2 levels). Defendant also properly received a multiple count adjustment (+2 levels) and a downward adjustment for acceptance of responsibility (-3 levels). Because defendant engaged in a pattern

of activity involving prohibited sexual conduct and does not qualify as a "career offender," his offense level is further enhanced by 5 levels pursuant to U.S.S.G. § 4B1.5(b)(1). Based upon a Criminal History Category I and total offense level 43[1], defendant's advisory sentencing guideline term of imprisonment is life. Because the statutory maximum on each count is less than the advisory guidelines range of life imprisonment, the statutory maximum on each count becomes the advisory guidelines range for each count, that is, 30 years on each of Counts Two and Four. See United States v. Sarras, 575 F.3d 1191, 1208 (11th Cir. 2009) (citing U.S.S.G. §5G1.1(a)).

Further, U.S.S.G. §5G1.2(d) provides and advises that the statutory maximum sentences should run consecutively:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

U.S.S.G. §5G1.2(d). The "total punishment" under the sentencing guidelines in this case calls for life imprisonment. See U.S.S.G. §5G1.2, cmt. n.1; see also Sarras, 575 F.3d at 1208. The statutory maximum for each of Counts Two and Four is 30 years' imprisonment. Because the statutory maximum was less than the total guidelines punishment of life imprisonment, U.S.S.G. §5G1.2(d) calls for the sentences for multiple counts to run consecutively as the advisory guideline

[1] Defendant's actual total offense level is 50, but it is reduced to level 43 pursuant to U.S.S.G. Ch. 5, Pt. A, cmt. n.2.

sentence. Sarras, 575 F.3d at 1209 (citation omitted). Accordingly, the PSR correctly states that defendant's advisory guideline range is 720 months, or 60 years in prison.

In his sentencing memorandum, defendant argues that a guideline sentence of 60 years would be unreasonable. Doc. 48 at [unnumbered] 12. To the contrary, a sentence called for by the sentencing guidelines would be reasonable under the egregious circumstances of this case. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

This Court is properly guided by the advisory sentencing guidelines, the factors set forth in Title 18, United States Code, Section 3553(a), and the policy statements in the Eleventh Circuit's *en banc* decision in United States v. Irey, 612 F.3d 1160 (11th Cir. 2010). The Irey court noted that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses. Id. at 1206. As stated above, in the Sarras case, the Eleventh Circuit affirmed as reasonable a 100-year (1,200 months) sentence for a first-time offender who sexually abused a 13-year-old girl and produced pornographic images of the victim. Id. at 1220-21. The Sarras court noted several other recent child exploitation cases in which courts upheld lengthy sentences as substantively reasonable. Id.; see United States v. Johnson, 451 F.3d 1239, 1244 (11th Cir. 2006) (upholding as reasonable a 140-year sentence for abusing and photographing three boys between the ages of 8 and 16 based on consecutive

statutory maximums under 18 U.S.C. § 2251(e) and § 2252A(b)(1)); United States v. Kapordelis, 569 F.3d at 1318-19 (upholding as reasonable a 420-month sentence, which represented an upward variance from the 262-327-month advisory guidelines range and included 240-month sentences on counts charging production of child pornography under § 2251(a) and 180-month consecutive sentences on counts charging receipt of child pornography under § 2252A(a)(2)(A)); United States v. Huffstatler, 561 F.3d 694, 698 (7th Cir. 2009) (upholding as reasonable an above-guidelines, 450-month sentence for producing pornographic pictures of a 14-year-old boy); United States v. Raplinger, 555 F.3d 687, 695 (8th Cir. 2009) (upholding as reasonable a 457-month sentence for photographing and having sexual intercourse with a 15-year-old girl); United States v. Betcher, 534 F.3d 820, 827-28 (8th Cir. 2008) (upholding as reasonable a 750-year sentence for a first-time offender who had taken pornographic pictures of five 8- to 11-year-old girls, including two of his granddaughters); United States v. Vowell, 516 F.3d 503, 511-13 (6th Cir. 2008) (upholding as reasonable a 780-month sentence for a 40-year-old man who had sexual intercourse with his girlfriend's 8-year-old daughter while being videotaped by his girlfriend); see also United States v. Paton, 535 F.3d 829, 837-38 (8th Cir. 2008) (concluding that life sentence for five counts of production of child pornography was not cruel and unusual punishment in violation of the Eighth Amendment); and Pugh, 515 F.3d at 1202 ("[W]e have typically treated child sex offenses as serious crimes, upholding severe sentences in these cases.").

Other decisions approving of similarly severe dispositions have been handed down since Sarras. See United States v. Cowan, No. 11-15989, 2012 WL 5834582 at *11 (11th Cir. Nov. 19, 2012) (upholding as reasonable a 1,680-month prison sentence imposed by the Honorable Timothy J. Corrigan for possession, production, and receipt of child pornography); see United States v. Hutchinson, 588 F.App'x 894, 899 (11th Cir. 2014) (upholding as reasonable a sentence of life imprisonment based on the statutory maximum for a first-time offender for sexual exploitation of children, enticement of minors to engage in criminal sexual activity, and transfer of obscene materials to minors); United States v. Williams, 561 F.App'x 784, 787 (11th Cir. 2013) (upholding as reasonable a sentence of 100 years in prison for production, distribution, and possession of child pornography); United States v. Tyler, 256 F.App'x 310, 313 (11th Cir. 2007) (upholding as reasonable a sentence of 600 months' imprisonment, which represented an upward variance from the guideline range of 292-365 months, for production, possession, and transportation of child pornography); and Vasiloff v. United States, Crim. No. 4:07-cr-337-VEH-PWG, 2013 WL 6283084 at *1 (M.D. Ala. Aug. 14, 2013) (district court imposed a sentence of 3,900 months for 21 counts of sexual exploitation of a child and one count of possession of child pornography). Even more recently, two district judges in the Middle District of Florida who sit in Jacksonville and Orlando, respectively, have imposed deservedly severe sentences on defendants in child pornography production cases. See United States v. Lucas Michael Chansler, Case No.

3:10-cr-100-J-34PDB (J. Howard) (Nov. 11, 2014) (defendant pled guilty to nine counts of production; sentenced to 105 years in prison; although a prolific sextortionist, Chansler never had physical contact with any of his child victims); and United States v. Matthew C. Graziotti, Case No. 6:14-cr-175-Orl-37DAB (J. Dalton) (defendant pled guilty to seven counts of production, one count of distribution, and one count of possession; sentenced to 210 years in prison).

In Sarras, the Eleventh Circuit found that the district court properly considered the Section 3553(a) factors and expounded on several of them at sentencing. Id. at 1220. Specifically, the court noted that the district court considered "the despicable offense that [Sarras] committed," "the fact that the victim will probably, even with counseling, never recover from this," and "[Sarra's] lack of remorse." Id. The Eleventh Circuit affirmed the district court's calculation of the advisory guidelines as well as the rendering of a 1,200-month sentence by stacking the counts consecutively. Id. at 1221. In doing so, the Eleventh Circuit determined that "the district court imposed a sentence that reflects the nature and circumstances of the offense and the other considerations stated in § 3553(a). Thus, the district court committed no sentencing error in choosing to impose an advisory guidelines sentence of 1,200 months' imprisonment in this case." Id.

In this case, defendant's offenses are despicable and worthy of severe punishment. It is difficult to quantify, much less fathom, the harm and tragedy perpetrated on the child victim (and the victim's mother) by defendant, and it is impossible to predict its long-term effects on the child victim. Unfortunately, the

child victim may never fully recover the abuse inflicted by defendant, a person whom the child loved and trusted. To date, defendant has shown no remorse for his crimes. Accordingly, the United States respectfully requests that, after considering the facts and circumstances of this case, the relevant guidelines, the applicable law in Sarras, and the factors set forth in 18 U.S.C. § 3553(a), this Court sentence defendant to a term of 60 years (720 months) imprisonment and a life term of supervised release. Such a sentence would be substantively reasonable, serve the goals of general and specific deterrence, protect the public from future crimes by defendant by achieving his incapacitation, and afford justice to the child victim and her family.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By *s/ D. Rodney Brown*
D. RODNEY BROWN
Assistant United States Attorney
Florida Bar No. 0906689
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: rodney.brown@usdoj.gov

**U.S. v. CHARLES FRANKLIN HUDSON, JR. Case No. 3:14-cr-40-J-20MCR**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roland Falcon, Esq.

*s/ D. Rodney Brown*
D. RODNEY BROWN
Assistant United States Attorney