UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO.   3:14-cr-40-J-20MCR

CHARLES FRANKLIN HUDSON, JR.

## STIPULATION REGARDING COMPETENCY

The United States of America, by and through the undersigned Assistant United States Attorney, defendant, CHARLES FRANKLIN HUDSON, JR., and counsel for the defendant, Roland Falcon, Esq., stipulate and agree as follows:

1. That the attached forensic evaluation of Dr. Alan J. Harris, Ph.D., an expert in the field of psychology, shall be received as evidence by the Court on the issue of defendant's competency in this case in lieu of testimony; and

2. That neither the United States nor defendant will present any evidence other than the attached report on the issue of defendant's competency to

stand trial in this case, and the Court may enter any such Order as it deems appropriate, without need for further hearing.

                                  Respectfully submitted,

                                  A. LEE BENTLEY, III
                                  United States Attorney

By: _____
       D. RODNEY BROWN
       Assistant United States Attorney
       Florida Bar No. 0906689
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone No. (904) 301-6300
       Facsimile No. (904) 301-6310
       Email: Rodney.Brown@usdoj.gov

Date: April 1, 2015

_____
CHARLES FRANKLIN HUDSON, JR.
Defendant

_____
ROLAND FALCON
Counsel for Defendant

2

# ALAN J. HARRIS, PH.D.
## ALLIED PSYCHOLOGICAL SERVICES
6944 St. Augustine Road, Suite C
Jacksonville, Florida 32217

Phone (904) 739-3688    Fax (904) 367-0250

## FORENSIC PSYCHOLOGICAL EVALUATION

March 16, 2015

Honorable Harvey E. Schlesinger
United States District Judge
300 N. Hogan Street, Suite 11-150
Jacksonville, FL 32202

RE: United States of America vs. Charles Franklin Hudson Jr.
Case Number: 3:14-CR-40-J-20MCR
DOB: 10/13/1975
DOE: 03/06/2015

### REASON FOR REFERRAL:

Per the order of the Honorable Harvey E. Schlesinger, a psychological evaluation was conducted on Charles Franklin Hudson Jr. on 03/06/2015 in an interview room at the Baker County Jail in Macclenny, Florida. The defendant has been charged with four counts of persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such contact from July 2010 to June 2012. The purpose of the evaluation was to assess the defendant's competency to stand trial which includes the ability to understand the nature and consequences of the proceedings and the ability to assist properly in the defense.

### SOURCES OF INFORMATION:

Procedures included a diagnostic interview and history, mental status examination, and administration of the Evaluation of Competency to Stand Trial – Revised. Records reviewed include: (1) the plea agreement of 07/14/2014; (2) factual basis of the indictment, undated; (3) personalization of elements, undated; and (4) report to Ronald Falcon, attorney for the defendant from Tonya Smith, licensed mental health counselor with Armor Correctional Health Services in Macclenny, Florida.

### INFORMED CONSENT:

The defendant was informed of the purpose of the evaluation and that a report would be submitted to the court. The defendant had no difficulty understanding the evaluation purpose, volunteering, "My competency has been questioned," and acknowledging the limits to confidentiality.

### BEHAVIORAL OBSERVATIONS AND MENTAL STATUS EXAMINATION:

Charles Hudson is a 39-year-old Caucasian male who was dressed in a prison uniform and shackled at the ankles and wrists. This individual was cooperative and oriented to person, place, and time. Intelligence was estimated to fall in the average range. Speech was rapid and animated. Thought stream was coherent, relevant, and sequential. Thought processes were absent evidence of delusions, hallucinations, or a thought disorder. Concentration was within normal limits and remote memory intact. Recent memory was mildly impaired as he struggled to recall random words five minutes post presentation even when instructed to remember them. Affect was somewhat inappropriate as he was joking and in an unusually good mood for someone in his situation. He admitted that he has experienced suicidal ideation in the past, but denied current suicidal ideation or intent.

### DEVELOPMENTAL AND FAMILY HISTORY:

The defendant reported a normal birth and early development. Until age 15 when his parents divorced, he was raised by both his mother and father. His father was described as physically abusive, beating him and on one occasion holding a gun and threatening to kill the entire family. His mother suffered from depression. As a young man, he described himself as "super hyper" and struggled to follow rules. In school, he was enrolled in slow learning disability classes for all subjects, although he performed adequately in mathematics. There was conflict with other students and he fought frequently. Suspended numerous times, as a teenager, he was placed in a behavioral disorder class. In high school, he started abusing alcohol. Part of the reason for these issues was related to his living situation. From age 15 to 16, he and his mother moved from place to place in order to avoid being killed by the father. Despite these issues, he managed to graduate high school.

This individual has never been married. For 15 years prior to his arrest, he lived off and on with his girlfriend, Donna Carr, and her two children including a daughter who was 16 at the time of his arrest and a 22 year old son.

### LEGAL HISTORY:

There are previous arrests for assault, criminal mischief, and reckless discharge of a firearm.

### VOCATIONAL HISTORY:

When arrested, he reported that he had worked for 10 years as a tank tender with AG Glass

2

Corporation. He enjoyed the job even though it was necessary for him to work more than 80 hours a week.

## MEDICAL AND PSYCHIATRIC HISTORY:

Medical issues include lower back pain and left shoulder problems related to a motorcycle accident. Prior to his arrest, he was taking pain medication, muscle relaxers, and anti-inflammatories. From age 9 to 16, he was treated by the family pediatrician for hyperactivity, acting out behavior, and suicidal ideation by the family physician. At age 21, he was court ordered to outpatient rehab after being arrested while intoxicated. In the past, he attended drug and alcohol classes and anger management. Currently, he is receiving counseling and has been prescribed the antidepressant Celexa. As he dislikes the food in jail, he reports having lost 28 pounds since his arrest. At one time, he was drinking a fifth of liquor a day and in the past he abused marijuana and ecstasy. According to the defendant, he has not abused drugs or alcohol in years. His mental health counselor at the jail has diagnosed moderate major depressive disorder.

## COMPETENCY ASSESSMENT:

APPRECIATION OF THE CHARGES AND ALLEGATIONS: The defendant reported that he has been charged with production of child pornography which he defined as recording sexual acts with a child, namely the daughter of his girlfriend starting when she was age 13 or 14. These events occurred in the home and he recalled being arrested on 01/08/2014 at work.

APPRECIATION OF THE RANGE OF POSSIBLE PENALTIES: The defendant reported he is facing a maximum of 60 years and a minimum of 15 years, but is uncertain of what the most likely sentence will be. Alternative to incarceration was described as probation which he described as "keep track of you on the outside, supervision, pay monthly." He is aware that this is a felony charge and a misdemeanor carries less than one year incarceration.

FACTUAL AND RATIONAL UNDERSTANDING OF THE COURTROOM PROCEEDINGS AND ADVERSARIAL NATURE OF THE LEGAL PROCESS: The defendant is aware his lawyer will stand up for him in court and "work in my best interest. Make sure my civil rights are not violated." He is aware that the United States District Attorney, Rodney Brown, is responsible for prosecuting this case. If the prosecutor wished to speak with him without his attorney being present, he would refuse as that would be a violation of his rights. The defendant was advised of the risk of self-incrimination. He knows the judge is in charge of the court, determines guilt or innocence, and decides on the sentence. A judge is present because "somebody got to make the decision." If there were a jury trial, the jury would decide on innocence or guilt. Witnesses "testify" and the testimony can be in favor of the defense or the prosecution. If the prosecution made him what they described as a good offer, he would "weigh it out" and discuss it with his attorney before responding.

FACTUAL AND RATIONAL COMPETENCY TO ASSIST IN OWN DEFENSE, DISCLOSE TO COUNSEL FACTS PERTINENT TO THE PROCEEDINGS AND REALISTICALLY CHALLENGE PROSECUTION WITNESSES: Charles Hudson identified his attorney as Roland Falcon, a court-appointed private attorney. He volunteered that Public Defender Maurice

3

Grant was his original defense attorney, but had to withdraw from the case due to a potential conflict of interest. Having spoken with Mr. Falcon "a lot," he described him as an okay guy and he believes that he is doing a good job. He described his attorney as knowledgeable and indicated he expects his attorney to "fight for me 100 percent." It is his belief that his attorney expects him to tell the truth. A plea of guilty has been entered in this case and he is aware that the other option is not guilty. He added that in state cases, a plea of no contest is available. A plea bargain was described as, "State gives you an offer. Have to agree to plead guilty." Although he was unfamiliar with an open or straight up plea, this is not considered unusual. If he had a disagreement with his attorney, he would discuss it and if it could not be resolved, he would approach the bar association. It was suggested it would be more appropriate to bring this to the attention of the court and ask for a change of representation.

ABILITY TO MANIFEST APPROPRIATE COURTROOM BEHAVIOR: Appropriate courtroom behavior was described as "sit and acknowledge the judge." Failure to follow the rules of the courtroom could result in a charge of contempt. This individual denied having ever acted out in court. If he heard a witness for the prosecution tell a lie about him in court, he would quietly inform his attorney.

ABILITY TO TESTIFY RELEVANTLY: Testify was defined as "tell your side of the story." If asked by his attorney to take the witness stand to testify on his own behalf, he would do so even though he is aware that it is not required. If a person testifies, he knows it is important to tell the truth and defined perjury as "lie on the witness stand." He added that perjury could result in "a five-year sentence in prison separate from your sentence." This individual is capable of testifying in a coherent, relevant, and appropriate manner.

## OPINION REGARDING COMPETENCY TO PROCEED:

Addressing the court's specific questions, it is my professional opinion the defendant is not suffering a mental disease or defect of such severity as to result in mental incompetency and to be unable to rationally and factually understand the nature and the consequences of the proceedings or be able to properly assist in the defense. It is further my opinion that the defendant has sufficient ability to consult with counsel with a reasonable degree of rational, as well as factual understanding of the proceedings.

Although this individual is suffering from a depressive disorder, he is not suicidal and the depression does not impair his ability to be competent. Regardless of the disposition of the case, it is recommended that he continue to receive appropriate psychotropic medication and counseling as indicated.

4

Thank you for the opportunity to assist the court in the administration of justice. Should you have further questions, please feel free to contact this office.

*Alan J. Harris*

Alan J. Harris, Ph.D.
Licensed Psychologist


CC:   D. Rodney Brown, Esquire
      Assistant United States Attorney

      Roland Falcon, Esquire